**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Mildred Chatman, | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-cv-01328 |
| v. | ) | |
| | ) | |
| | ) | |
| Board of Education | ) | |
| of the City of Chicago, | ) | JURY DEMANDED |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Mildred Chatman, by and through her attorneys, Justin G. Randolph and Philip S. Holloway, and asserts the following in support of this Complaint against the Defendant, Board of Education of the City of Chicago:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. The present action alleges claims based on violations of Title VII of the Civil Rights Act of 1964 ("Title VII), as amended, 42 U.S.C. § 2000 *et seq.*; and 42 U.S.C. § 1981 ("Section 1981").

2. This court has jurisdiction over the claims for relief alleged herein pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 2000e-14.

3. Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this District. 42 U.S.C. §2000e-5(f)(3).

### PARTIES

4. Mildred Chatman, is an African-American woman, currently 61 years of age, with prior protected activity, formerly employed by Defendant, Chicago Board of Education.

5. At all relevant times, Defendant, Chicago Board of Education, has been and is now doing

business in Chicago, IL, and has continuously had and does now have at least 15 employees.

## PROCEDURAL REQUIRMENT

6. On September 9, 2016, Plaintiff filed a charge of Race, Age Discrimination, and Retaliation Charge against the Defendant, with the Equal Opportunity Employment Commission ("EEOC").

7. This matter is filed within 90 days of Ms. Chatman receiving her right-to-sue letter from the EEOC.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff, Mildred Chatman, African-American, age 61, was hired by Defendant, on or about May 1988 as educational support personnel for Benito Juarez high school.

9. Ms. Chatman served as a school library assistant for Benito Juarez high school from 1997 to when she was laid off effective August 31, 2009.

10. In 2009, Ms. Chatman was told her position was being closed for budgetary reasons.

11. After Ms. Chatman was laid off she discovered that rather than closing her position, the Principal, Juan Carlos Ocon, replaced her with Magda Ramos, non-African-American, age 42.

12. Ms. Chatman was not given the opportunity to compete for the position.

13. Ms. Chatman filed a charge of race and age discrimination with the Illinois Department of Human Rights ("IDHR"), alleging violations of the Illinois Human Rights Act, which was cross-filed with the EEOC.

14. Defendant responded to Ms. Chatman's charge by stating that Ms. Chatman was laid off because her position was closed.

15.    Defendant responded that Magda Ramos was hired as, and performing the duties of, a School Bilingual Assistant.

16.    Ms. Chatman presented evidence that Ms. Ramos was listed on the school website as a library assistant.

17.    Defendant asserted that this listing was made in error.

18.    Based on Defendant's assertions the IDHR found that there was no substantial evidence of discrimination.

19.    Ms. Chatman filed a timely request for review and presented the Illinois Human Rights Commission ("IHRC") with evidence that Magda Ramos was listed on the school website as a library assistant and that on or about April 2010, in an interview with the school librarians, Ms. Warner and Ms. Cusick, it was noted that they were supported by a library assistant, despite the Defendant's claims to the contrary.

20.    After Ms. Chatman presented her request for review to the IHRC, the IDHR filed a response requesting that the previous finding be reversed and that a finding of substantial evidence of discrimination on the basis of race and age be entered.

21.    The IHRC vacated and remanded the matter for the entry of a finding of substantial evidence on November 1, 2010.

22.    On November 4, 2010, Ms. Chatman received her "right-to-sue" letter from the IDHR and, thereafter, she filed suit in Cook County Court alleging discrimination due to age and race.

23.    In February 2015, the parties settled the matter and Defendant agreed to provide Ms. Chatman with timely interviews for available vacant positions, for which Ms. Chatman was qualified, after openings were identified by Ms. Chatman.

24.   Per the agreement, Defendant's duty to provide interviews for Ms. Chatman expired on December 31, 2015.

25.   Utilizing online resources, Ms. Chatman identified numerous open positions for which she was qualified, and starting in June of 2015, she made requests for interviews to Defendant's counsel and the Talent Office, per the parties' agreement.

26.   The Chicago Public School Inspector General Annual Report for the 2016 fiscal year noted that the Talent Office had engaged in "engaged in potentially discriminatory conduct" that "exposed CPS to legal liability under Title VII of the Civil Rights Act of 1964."

27.   Ultimately, though Ms. Chatman identified more than a dozen positions, Defendant scheduled only five interviews for Ms. Chatman, claiming the other positions had been filled or were otherwise unavailable.

28.   Despite being qualified for each position that she interviewed for, Ms. Chatman was not selected for any of the positions, and another individual, younger or of a different race, was selected, the position remained vacant and Defendant continued to recruit for the position, or Defendant claimed the position was not actually available despite Defendant interviewing Ms. Chatman for the position which she identified through online vacancy announcements.

**COUNT I**
**AGE DISCRIMINATION**
**TITLE VII**

29.   Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

30. The defendant's conduct as alleged herein constitutes unlawful discrimination based on age. Any stated reasons for the Defendant's conduct are not the true reasons, but instead are pretext to hide the Defendant's discriminatory animus.

31. As a direct and proximate result of Defendant's unlawful employment practices, namely age discrimination, and disregard for Ms. Chatman's rights, Ms. Chatman, has lost and will continue to lose substantial income, including but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits that are due her.

32. That as a further direct and proximate result of Defendant's unlawful employment practices, namely age discrimination, Plaintiff, Ms. Chatman, has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Ms. Chatman and her friends and family.

WHEREFORE, the Plaintiff, respectfully requests that this Court enter judgment against the Defendant and that Plaintiff be awarded relief including lost wages or benefits, compensatory damages, pre-judgment interest, post-judgment interest, attorney's fees, costs and such other relief as may be deemed available and just.

**COUNT II**
**RACE DISCRIMINATION**
**TITLE VII**

33. Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

34. The defendant's conduct as alleged herein constitutes unlawful discrimination based on race. Any stated reasons for the Defendant's conduct are not the true reasons, but instead

are pretext to hide the Defendant's discriminatory animus.

35. As a direct and proximate result of Defendant's unlawful employment practices, namely race discrimination, and disregard for Ms. Chatman's rights, Ms. Chatman, has lost and will continue to lose substantial income, including but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits that are due her.

36. That as a further direct and proximate result of Defendant's unlawful employment practices, namely race discrimination, Plaintiff, Ms. Chatman, has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Ms. Chatman and her friends and family.

WHEREFORE, the Plaintiff, respectfully requests that this Court enter judgment against the Defendant and that Plaintiff be awarded relief including lost wages or benefits, compensatory damages, pre-judgment interest, post-judgment interest, attorney's fees, costs and such other relief as may be deemed available and just.

## COUNT III
## RACE DISCRIMINATION
## SECTION 1981

37. Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

38. The defendant's conduct as alleged herein constitutes unlawful discrimination based on race. Any stated reasons for the Defendant's conduct are not the true reasons, but instead are pretext to hide the Defendant's discriminatory animus.

39. As a direct and proximate result of Defendant's unlawful employment practices, namely race discrimination, and disregard for Ms. Chatman's rights, Ms. Chatman, has lost and

will continue to lose substantial income, including but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits that are due her.

40. That as a further direct and proximate result of Defendant's unlawful employment practices, namely race discrimination, Plaintiff, Ms. Chatman, has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Ms. Chatman and her friends and family.

WHEREFORE, the Plaintiff, respectfully requests that this Court enter judgment against the Defendant and that Plaintiff be awarded relief including lost wages or benefits, compensatory damages, pre-judgment interest, post-judgment interest, attorney's fees, costs and such other relief as may be deemed available and just.

## COUNT IV
## RETALIATION
## TITLE VII

41. Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

42. The defendant's conduct as alleged herein, which includes delaying, failing, or refusing to schedule interviews, as well as creating and disseminating inaccurate or derogatory information about Ms. Chatman impacting her ability to be hired, constitutes a pattern of unlawful retaliation based on her prior protected activity. Any stated reasons for the Defendant's conduct are not the true reasons, but instead are pretext to hide the Defendant's retaliatory animus.

43. As a direct and proximate result of Defendant's unlawful employment practices, namely a

pattern of retaliation, and disregard for Ms. Chatman's rights, Ms. Chatman, has lost and will continue to lose substantial income, including but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits that are due her.

44. That as a further direct and proximate result of Defendant's unlawful employment practices, namely a pattern of retaliation, Plaintiff, Ms. Chatman, has suffered the indignity of discrimination, the invasion of her right to be free from retaliation for exercising her civil rights, and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Ms. Chatman and her friends and family.

WHEREFORE, the Plaintiff, respectfully requests that this Court enter judgment against the Defendant and that Plaintiff be awarded relief including lost wages or benefits, compensatory damages, pre-judgment interest, post-judgment interest, attorney's fees, costs and such other relief as may be deemed available and just.

**COUNT V**
**RETALIATION**
**SECTION 1981**

45. Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

46. The defendant's conduct as alleged herein, which includes delaying, failing, or refusing to schedule interviews, as well as creating and disseminating inaccurate or derogatory information about Ms. Chatman impacting her ability to be hired, constitutes a pattern of unlawful retaliation based on her prior protected activity. Any stated reasons for the Defendant's conduct are not the true reasons, but instead are pretext to hide the Defendant's retaliatory animus.

47.     As a direct and proximate result of Defendant's unlawful employment practices, namely a pattern of retaliation, and disregard for Ms. Chatman's rights, Ms. Chatman, has lost and will continue to lose substantial income, including but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits that are due her.

48.     That as a further direct and proximate result of Defendant's unlawful employment practices, namely a pattern of retaliation, Plaintiff, Ms. Chatman, has suffered the indignity of discrimination, the invasion of her right to be free from retaliation for exercising her civil rights, and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Ms. Chatman and her friends and family.

WHEREFORE, the Plaintiff, respectfully requests that this Court enter judgment against the Defendant and that Plaintiff be awarded relief including lost wages or benefits, compensatory damages, pre-judgment interest, post-judgment interest, attorney's fees, costs and such other relief as may be deemed available and just.

Respectfully submitted,

/s/ Justin G. Randolph
Attorney for Plaintiff

Justin G. Randolph
53 West Jackson
Blvd. Suite 1234
Chicago, IL 60604
Phone: (312) 663-1560
Fax: (312) 277-7432
Email:  justin@jrandolphlaw.com

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Mildred Chatman
c/o Justin G. Randolph, Esq.
ATTORNEY AT LAW
53 West Jackson Boulevard
Suite 1234
Chicago, IL 60604

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2016-05920 | Katarzyna Hammond, Investigator | (312) 869-8024 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Julianne Bowman,
District Director

11/24/17

*(Date Mailed)*

Enclosures(s)

cc: **Dianna L. Mitchell
Assistant General Counsel
LAW DEPARTMENT
Board of Education of the City of Chicago
One North Dearborn, Suite 900
Chicago, IL 60602**