UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILDRED CHATMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18-cv-01328 ) ) Judge Marvin E. Aspen |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Before us is a motion brought by Defendant Board of Education of the City of Chicago ("BOE") under Federal Rule of Civil Procedure 54(d) seeking an award of $894.80 in costs. (Dkt. No. 103, Mot.) For the following reasons, we grant BOE's motion in part and award BOE $795.80 in costs.

## BACKGROUND

After BOE failed to hire her for several open positions, Plaintiff Mildred Chatman sued BOE for age discrimination, race discrimination, and retaliation. (Dkt. No. 16, First Am. Compl., ¶¶ 1, 23, 27–41.) We entered summary judgment in BOE's favor on every claim (Dkt. Nos. 101, 102), and the Seventh Circuit affirmed our judgment. *Chatman v. Bd. of Educ. of City of Chi.*, --- F.4th ----, 2021 WL 3046819 (7th Cir. July 20, 2021).

## LEGAL STANDARD

In general, a district court should award costs to the prevailing party. Fed. R. Civ. P. 54(d)(1); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 944–45 (7th Cir. 1997). A prevailing party can recover costs that (1) fall within the scope of 28 U.S.C. § 1920; and (2) are

"reasonable and necessary to the litigation." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005). The "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). "If the prevailing party satisfies that burden, the burden shifts to the opposing party to show that the costs are inappropriate." *Johansen v. Wexford Health Sources*, No. 15-cv-2376, 2021 WL 1103349, at *1 (N.D. Ill. Mar. 23, 2021).

## ANALYSIS

Because BOE obtained summary judgment in its favor on all of Chatman's claims, it is the prevailing party in this litigation. *Weeks*, 126 F.3d at 944. Accordingly, there is a "strong presumption" that BOE will recover its costs. *Id.* at 945. Even so, and despite Chatman's failure to respond to BOE's request for costs, we still must independently determine "whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Cervantes v. Ardagh Grp.*, No. 16 C 11080, 2019 WL 1923395, at *2 (N.D. Ill. Apr. 30, 2019) (quoting *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993)).

BOE asks us to award it $894.80 in court reporter fees and transcript costs. (Mot. at 2.) Specifically, BOE seeks to recover: (1) $81.75 for the cost of obtaining a transcript of a December 18, 2019 hearing before the magistrate judge; (2) $613.05 for the cost of obtaining the transcript of Chatman's deposition; and (3) $200.00 for the attendance fee of the court reporter at Chatman's deposition. (*Id.* at 3–4; Dkt. 103-2, Mot. Ex. B, at 2–3.)

We begin with the costs associated with Chatman's deposition. Under § 1920, a prevailing party can recover costs "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). It was certainly necessary for BOE to depose Chatman—the individual accusing it of discrimination—so obtaining the transcript of her

deposition is covered by § 1920(2). *See Williams v. Patton*, 761 F. App'x 593, 597 (7th Cir. 2019) ("Obtaining a transcript of the plaintiff's deposition is a necessary part of the defense case."). Section 1920(2) also permits BOE to recover the court reporter's attendance fee for Chatman's deposition. *Extra Equipamentos E Exportação Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008).

Our District's Local Rules, however, limit how much BOE can recover for these costs. Under Local Rule 54.1, the costs of a deposition transcript "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." N.D. Ill. L.R. 54.1(b). Similarly, although "[c]ourt reporter appearance fees may be awarded in addition to the per page limit," these fees cannot "exceed the published rates on the Court website unless another rate was previously provided by order of court." *Id.* Because we did not establish any other transcript rate or court reporter appearance fee for this litigation, the rates established by the Judicial Conference and the Court's website govern.

Since at least March 2018, the Judicial Conference's maximum allowable rate for an ordinary (thirty-day) transcript has been $3.65 per page.[1] For Chatman's deposition, which took place on December 23, 2019, the court reporter charged $613.05 for a 183-page transcript, which works out to $3.35 per page. (Mot. Ex. B at 3.) This is less than the maximum allowable rate, so BOE is entitled to the entire $613.05 cost for the deposition transcript.

---

[1] Federal Court Reporting Program, United States Courts, https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited July 28, 2021) (hereinafter, "*Judicial Conference Rates*"); https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/TRANSCRIPT%20RATES.pdf (Mar. 30, 2018 memorandum setting forth maximum transcript rates).

But BOE is not entitled to the entire $200.00 court reporter attendance fee. Our District's website limits the court reporter attendance fee to $110.00 for up to four hours.[2] Because the court reporter attended Chatman's deposition for four hours (Mot. Ex. B at 3), BOE is entitled to recover only $110.00 for the court reporter's attendance fee.

That brings us to the last requested cost—the cost for the December 18 hearing transcript. On December 18, 2019, the magistrate judge for this case held a hearing on a motion to compel filed by BOE. (Dkt. No. 64.) Later that day, the magistrate judge issued a minute entry stating: "For the reasons stated in open court, Defendant's Motion to Compel [57] is granted in part and denied in part. Plaintiff's Rule 26(a)(1) disclosures and revised answers to interrogatories are due by 12/20/2019." (Dkt. No. 65.) The same day, BOE ordered a three-day transcript of the hearing, which cost $81.75 (15 pages x $5.45 per page). (Mot. Ex. B at 2.) BOE received the transcript on December 20. (*Id.*)

The Seventh Circuit has long recognized that § 1920(2) encompasses "trial transcripts and transcripts from other court proceedings necessarily obtained for use in the case." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). To be recoverable as a cost, a hearing "transcript need not be absolutely indispensable"; it only needs to be "'reasonably necessary' to the case at the time it was" ordered. *Id.* (internal quotation marks omitted); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Where a party seeks to recover costs for an expedited transcript, it must also show that the expedited basis was reasonable and necessary. *Hillmann v. City of Chicago*, 04 C 6671, 2017 WL 3521098, at *7 (N.D. Ill. Aug. 16, 2017).

---

[2] Transcript Rates, Northern District of Illinois, https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (last visited July 28, 2021).

4

BOE argues that the December 18 hearing transcript was necessary to determine whether Chatman fully complied with the magistrate judge's order because the magistrate judge's verbal rulings "thoroughly explained the Court's reasoning" and "provided significant detail regarding which Interrogatories had to be amended" and "what additional information was required," whereas the subsequent minute entry did not. (Mot. at 3.) We agree that it was reasonably necessary for BOE to obtain the December 18 hearing transcript. At the hearing, the magistrate judge did not simply state which portions of BOE's motion he was granting and then end the proceeding; he addressed more than a dozen interrogatory responses and explained why each response was adequate or not. (Dkt. No. 103-1, Mot. Ex. A, at 3–12.) Moreover, because the magistrate judge did not issue a written order or opinion that set forth these explanations, the hearing transcript was the only written record of them. It was sensible for BOE to want this record on hand when evaluating whether Chatman's updated discovery responses fully complied with the magistrate judge's rulings. *See Hillmann*, 2017 WL 3521098, at *6 ("It is not unusual, and constitutes a reasonable step for careful litigants, to obtain transcripts of pretrial conferences . . . where pretrial issues are resolved orally by the court rather than in written orders[.]"); *Allen v. City of Chicago*, No. 09 C 243, 2013 WL 1966363, at *3 (N.D. Ill. May 10, 2013) ("The costs incurred for the pretrial conference transcripts are reasonable; the court issued a series of oral rulings on motions *in limine*, jury instructions, exhibit and witness lists, and other pretrial matters, making it reasonably necessary for the [defendant] to obtain these transcripts to prepare effectively for trial.").

BOE, however, has not demonstrated that the three-day expedited basis was reasonably necessary. *See Trs. of Chi. Plastering Inst. Pension Tr.*, 570 F.3d at 906; *Hillmann*, 2017 WL 3521098, at *7. According to BOE, it needed to obtain the December 18 hearing transcript

5

within three days because Chatman's deposition was scheduled for Monday, December 23 (three days after the December 20 due date for Chatman's updated discovery responses) and "waiting to order the transcript until [Chatman] provided the requisite responses[] would have prejudiced [BOE] if it needed to seek emergency relief before or during [Chatman's] deposition." (Mot. at 3.) But BOE does not explain how it would have been prejudiced by not having the December 18 hearing transcript before Chatman's deposition or what type of "emergency relief" it may have had to seek before or during the deposition. (*See id.*) We will not speculate as to what this prejudice or emergency relief might be. *See Am. Safety Cas. Ins. Co. v. City of Waukegan*, No. 07 C 1990, 2011 WL 6378817, at *5 (N.D. Ill. Dec. 20, 2011) ("While there may be some plausible reason why [the party moving for costs] needed the transcript, it has not articulated one and the Court need not speculate.").

Even though obtaining the December 18 hearing transcript within three days was not reasonably necessary, we conclude that obtaining the transcript within seven days would have been reasonably necessary. Discovery in this case closed on Monday, January 6, 2020. (Mot. Ex. A at 12; Dkt. No. 53.) If BOE had deemed Chatman's updated discovery responses inadequate and wanted to rely upon the December 18 hearing transcript to bring that to the magistrate judge's attention in a motion—which is reasonable—it would have needed to obtain the transcript sufficiently ahead of the January 6 discovery cut-off. Requesting an ordinary transcript turnaround, *i.e.*, within thirty days, would not have worked because BOE might not have received the transcript until well after the discovery cut-off. *See Judicial Conference Rates*. The next quickest turnaround is fourteen days, *id.*, but this also would have been problematic because BOE might not have received the transcript until Wednesday, January 1, 2020, only three business days before the Monday, January 6 deadline. Especially given the holiday season,

6

it would have been reasonably necessary for BOE to request the December 18 hearing transcript for a seven-day turnaround so that it had the transcript with enough time to bring any necessary motion before the January 6, 2020 discovery deadline. Thus, we will award BOE costs for the December 18 hearing transcript at the seven-day expedited transcript rate, which amounts to $72.75 (15 pages x $4.85 per page). *See id.*; *Hillmann*, 2017 WL 3521098, at *7 (awarding costs for a transcript based on the ordinary, non-expedited rate where the transcript's expedited basis was unnecessary).

* * *

In total, we award BOE $795.80 in costs: $613.05 for Chatman's deposition transcript, $110.00 for the court reporter's attendance at Chatman's deposition, and $72.75 for the transcript of the December 18, 2019 hearing before the magistrate judge.

## CONCLUSION

For the following reasons, we grant BOE's motion in part and award BOE $795.80 in costs. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: July 29, 2021